**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

OSCAR ENRIQUEZ GALVEZ,          )
individually and on behalf of all others   )
similarly situated,                       )
                                     )
         Plaintiff,              )    Case No. _____
                                     )
        v.                       )
                                     )
SPRING CREEK NURSING & REHAB    )
CENTER, LLC,                    )
                                     )
         Defendant.          )

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Spring Creek Nursing & Rehab Center, LLC hereby provides notice of removal of this action from the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

1.      On August 31, 2020, Plaintiff Oscar Enriquez Galvez filed a putative class action complaint against Defendant in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, captioned *Oscar Enriquez Galvez v. Spring Creek Nursing & Rehab Center, LLC*, No. 20L680 (the "State Court Action").

2.      Defendant received a copy of the Complaint and a request to waive service of the Complaint in the State Court Action on September 18, 2020. Defendant agreed to waive service of the Complaint on October 8, 2020.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date that Defendant received a copy of the complaint "through service or otherwise."

4.      Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Exhibit 1.

5.      Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of finger-scan technology for timekeeping purposes.  (*See* Ex. 1, Compl. ¶¶ 27-34.)  Specifically, Plaintiff alleges that Defendant collected, stored, and used, his and other employees' allegedly biometric information (finger-scans) for employee timekeeping purposes without first giving certain written disclosures, obtaining informed written consent, or publishing a retention policy.  (*See id.* ¶¶ 45-51.)  Based on those allegations, Plaintiff asserts a single count for alleged violation of BIPA on behalf of himself and a putative class of other employees. (*See id.* ¶¶ 40-52.)

## I.      Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331

6.      This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

7.      A district court has federal question jurisdiction over a claim, and removal is therefore proper on the basis of federal question jurisdiction, when the claim is completely preempted by Section 301 of the Labor Management Relations Act.  *Atchley v. Heritage Cable Vision Assocs.*, 101 F.3d 495, 498–99 (7th Cir. 1996).  "Section 301 preempts claims directly founded on or 'substantially dependent on analysis of a collective-bargaining agreement.'"  *Id.* at 498.  "If the resolution of a state law claim depends on the meaning of, or requires the interpretation of, a collective bargaining agreement, the application of state law is preempted and federal labor law principles must be employed to resolve the dispute."  *Id.* at 499.  "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove."  *Id.*

8.      Plaintiff was employed by Defendant as a dietary aide in 2018.

9.      During Plaintiff's employment, all dietary employees were represented by SEIU Healthcare Illinois and Indiana (the "Union") pursuant to a collective bargaining agreement ("CBA").

10.     The CBA applicable to Plaintiff specifies the Union is her "sole collective bargaining agent" and explains how the Union must receive notices from Defendant on behalf of Plaintiff. (CBA, Article 2 ¶¶ 1a & 1b.) It specifies "[m]anagement of the Home, the control of the premises and the direction of the working force are vested exclusively in the Employer subject to the provisions of this Agreement." (CBA, Article 5.)  The CBA expressly recognizes "[t]he right to manage includes, but is not limited to, the following: The right to…assign and supervise employees; to determine and change starting times, quitting times, and shifts, and the number of hours to be worked; … to determine or change the methods and means by which is operations ought to be carried on; to set reasonable work standards; … to introduce new and improved methods or facilities; and to change existing methods or facilities." (*Id.*)  The CBA further contains collectively bargained Work and Safety Rules and Regulations. (CBA, Appendix A.) Among the collectively bargained Work and Safety Rules and Regulations are a rule prohibiting "[f]ailure to punch in or out, or obtain supervisor's approval during same shift" (CBA, Appendix A, ¶ 32) and a rule prohibiting "punch[ing] other person's time card or asking another to punch your time card." (CBA, Appendix A, ¶ 11.) The CBA further gives Defendant "the right to promulgate, modify and enforce any other reasonable rule, policy or regulation regarding the work, safety, attendance, dress, conduct and performance of its employees."  (CBA, Appendix A ¶ 36.)

11.     Section 301 preempts Plaintiff's claims because they cannot be resolved without interpreting the above provisions of the CBA, which will require examination not only of the language of the rule, but also the administration of the rule and the bargaining history between Defendant and the Union that represented Plaintiff.  In particular, the CBA must be interpreted to

determine whether the Union granted Defendant the right to implement and use the challenged timekeeping system—including the alleged collection, use, and disclosure of Plaintiff's alleged biometrics—and whether Defendant retained rights concerning development and implementation of any policies related to BIPA. What is more, the CBA's use of the phrase "sole collective bargaining agent" to identify the Union's relationship to Plaintiff must be interpreted to determine the scope of the Union's authority—including whether it had authority to grant a waiver and consent on her behalf and, if so, whether any of the CBA's negotiated provisions constitute a waiver.

12.     Consequently, because any analysis and resolution of Plaintiff's BIPA claims necessarily requires interpretation of the CBA, Plaintiff's claims are completely preempted by Section 301. *See, e.g., Miller v. Southwest Airlines Co.*, 926 F.3d 898, 903 (7th Cir. 2019); *Atchley*, 101 F.3d at 498–99.

## II.    Venue

13.     Venue is proper in the Northern District of Illinois located in Chicago, Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

14.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Will County.

WHEREFORE, Defendant hereby removes this civil action to this Court on the bases identified above.

| | |
|---|---|
| Dated:  October 8, 2020 | SPRING CREEK NURSING & REHAB CENTER, LLC |
| | By:  /s/Bonnie Keane DelGobbo |
| | Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com) |

4

**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
SunTrust Center
200 S. Orange Ave., Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via email to:

> David Fish
> Mara Baltabols
> THE FISH LAW FIRM, P.C.
> 200 E. Fifth Ave., Suite 123
> Naperville, IL 60563
> dfish@fishlawfirm.com
> mara@fishlawfirm.com
>
> *Attorneys for Plaintiff*

/s/Bonnie Keane DelGobbo

# EXHIBIT 1

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

OSCAR ENRIQUEZ GALVEZ, individually and on
behalf of all others similarly situated

Plaintiff(s) | Case No. __20L680__

vs.

SPRING CREEK NURSING &
REHAB CENTER, LLC.,

Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

SPRING CREEK NURSING & REHAB CENTER, LLC.,

To: __c/o David Aronin__      Address: __2201 Main Street__
      (Name)

City: __Evanston__      State: __IL__  Zip: __60202__

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on __09/08/2020__ .

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

\*    (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*   (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L680
Filed Date: 8/31/2020 11:54 AM
Envelope: 1028555
Clerk: K.

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | |
|---|---|
| OSCAR ENRIQUEZ GALVEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SPRING CREEK NURSING & REHAB CENTER, LLC.,<br><br>*Defendant.* | Case No.: **20L680** |

## CLASS ACTION COMPLAINT

Plaintiff Oscar Enriquez Galvez ("Oscar" or "Plaintiff") brings this Class Action Complaint against Defendant Spring Creek Nursing & Rehab Center, LLC., ("Spring Creek" or "Defendant") to put a stop to its unlawful collection, use, and storage of Plaintiff's and the putative Class members' sensitive biometric data. Plaintiff, for Plaintiff's Class Action Complaint, alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief.

### NATURE OF THE ACTION

1.    Spring Creek is a Nursing and Rehabilitation center located in Joliet, Illinois.

2.    When employees first begin their jobs at Spring Creek, they are required to scan their fingerprint in its biometric time tracking system as a means of authentication, instead of using only key fobs or other identification cards.

3.    While there are tremendous benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike key fobs or identification cards—which can be

| | | |
|---|---|---|
| **Initial case management set for** | | |
| 12/21/2020 | at: 9:00 | **a.m.** |

changed or replaced if stolen or compromised—fingerprints are unique, permanent biometric identifiers associated with the employee. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), specifically to regulate companies that collect and store Illinois citizens' biometrics, such as fingerprints.

5.     Despite this law, Spring Creek disregarded its employees' statutorily protected privacy rights and unlawfully collects, stores, and uses their biometric data in violation of the BIPA. Specifically, Spring Creek has violated (and continues to violate) the BIPA because it did not:

- Properly inform Plaintiff and the Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by the BIPA; nor

- Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain fingerprints, as required by the BIPA.

6.     Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates the BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii) awarding liquidated damages to Plaintiff and the proposed Class.

## PARTIES

7.     Plaintiff is a natural person and citizen of the State of Illinois.

8.     Defendant Spring Creek is a Domestic Limited Liability Company, with its principal place of business located in Joliet, Illinois.

2

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and have committed tortious acts in Illinois.

10.     Venue is proper in Will County because Defendant operates throughout this County and "resides" in Will County within the meaning of 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

**I.     The Biometric Information Privacy Act.**

11.     In the early 2000's, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

12.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which, are unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that unique biometric identifiers could now be sold to unknown third parties.

3

13.    Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

14.    The BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

15.    BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

16.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and—most importantly here—fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *See id.*

17.    The BIPA also establishes standards for how employers must handle Illinois employees' biometric identifiers and biometric information. *See* 740 ILCS 14/15(c)–(d). For instance, the BIPA requires companies to develop and comply with a written policy—made

available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

18. Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must make proper disclosures and implement certain reasonable safeguards.

## II. Spring Creek Violates the Biometric Information Privacy Act.

19. By the time the BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented with using biometric data as an authentication method stopped doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumers' discomfort with the use of their biometric data.

20. Unfortunately, Spring Creek failed to take note of the passage of the BIPA. Spring Creek continued to collect, store, and use its employees' biometric data in violation of the BIPA.

21. Specifically, when employees worked at Spring Creek, they are required to have their fingerprints scanned in order to enroll them in its fingerprint database.

22. Spring Creek uses an employee time tracking system that requires employees to use their fingerprints as a means of authentication. Unlike a traditional timeclock, employees have to use their fingerprint to "punch" in to or out of work.

23. Spring Creek failed to inform its employees of the complete purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

24. Spring Creek similarly failed to provide its employees with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. An employee who leaves the company does so without any knowledge of when their biometric identifiers will be removed from Spring Creek databases— or if they ever will be.

25. The Pay By Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as Spring Creek's —whose employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reasons they are doing so—is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric data who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Spring Creek disregards these obligations, and instead unlawfully collects, stores, and uses its employees' biometric identifiers and information without proper consent.

26. Ultimately, Spring Creek disregards its employees' statutorily protected privacy rights by violating the BIPA.

## FACTS SPECIFIC TO PLAINTIFF

27. Plaintiff worked for Spring Creek in Illinois through 2018.

28. As an employee, Spring Creek required Plaintiff to scan Plaintiff's fingerprint so that it could use it as an authentication method to track time. Spring Creek subsequently stored Plaintiff's fingerprint data in its databases.

6

29. Each time Plaintiff began and ended a workday, Spring Creek required a scan of Plaintiff's fingerprints.

30. Spring Creek never informed Plaintiff of the specific limited purposes or length of time for which it collected, stored, or used fingerprints.

31. Similarly, Spring Creek never informed Plaintiff of any biometric data retention policy it developed, nor whether it will ever permanently delete fingerprints.

32. Plaintiff never signed a written release allowing Spring Creek to collect or store fingerprints.

33. Plaintiff has continuously and repeatedly been exposed to the risks and harmful conditions created by Spring Creek violations of the BIPA alleged herein.

34. Plaintiff now seeks liquidated damages under BIPA as compensation for the injuries Spring Creek has caused.

## CLASS ALLEGATIONS

35. **Class Definition**: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of Plaintiff and a Class of similarly situated individuals, defined as follows:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while residing in Illinois.

The following people are excluded from the Class: (1) any Judge presiding over this action and members of their families; (2) Spring Creek, Spring Creek's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

36.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Spring Creek has collected, captured, received, or otherwise obtained biometric identifiers or biometric information from at least hundreds of employees who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

37.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a) whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information;

    b) whether Defendant properly informed Plaintiff and the Class of its purposes for collecting, using, and storing their biometric identifiers or biometric information;

    c) whether Defendant obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiff and the Class' biometric identifiers or biometric information;

    d) whether Defendant has sold, leased, traded, or otherwise profited from Plaintiff and the Class's biometric identifiers or biometric information;

    e) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

    f) whether Defendant complies with any such written policy (if one exists); and

    g) whether Defendant used Plaintiff and the Class' fingerprints to identify them.

38.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex

litigation and class actions. Plaintiff have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor their counsel have any interest adverse to those of the other members of the Class.

39.     **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Spring Creek's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Spring Creek's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in their Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

40.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.     The BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private

entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric information...." 740 ILCS 14/15(b) (emphasis added).

42.     The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and—importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.,* when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

43.     Unfortunately, Spring Creek fails to comply with these BIPA mandates.

44.     Spring Creek qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

45.     Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Spring Creek (in the form of their fingerprints), as explained in detail in Section II. *See* 740 ILCS 14/10.

46.     Plaintiff and the Class' biometric identifiers or information based on those biometric identifiers were used to identify them, constituting "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

47.     Spring Creek violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and

biometric information.

48.    Spring Creek violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored.

49.    Spring Creek violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used.

50.    Spring Creek violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information.

51.    By collecting, storing, and using Plaintiff's and the Class' biometric identifiers and biometric information as described herein, Spring Creek violated Plaintiff's and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq.*

52.    On behalf of themselves and the Class, Plaintiff seek: (1) injunctive and equitable relief as is necessary to protect the interests of the Plaintiff and the Class by requiring Defendant's to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) liquidated damages for each of Defendant's violations of the BIPA pursuant to 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, respectfully request that the Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing their counsel as Class Counsel;

B.    Declaring that Defendant's actions, as set out above, violate the BIPA;

C.    Awarding statutory damages for each of Defendant's violations of the BIPA, pursuant to 740 ILCS 14/20;

D.    Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with the BIPA;

F.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

H.    Awarding such other and further relief as equity and justice may require.

Dated: August 27, 2020

Respectfully submitted,

**Oscar Enriquez Galvez, individually and on behalf of all others similarly situated,**

By: /s/ Mara Baltabols
       One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
docketing@fishlawfirm.com

12

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

OSCAR ENRIQUEZ GALVEZ, individually and on behalf of all others similarly situated

**Plaintiff / Petitioner** *(First, middle, last name)*

v.

SPRING CREEK NURSING & REHAB CENTER, LLC.,

**Defendant / Respondent** *(First, middle, last name)*

20L680

**Case Number**

---

**Instructions ▼**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

**1. Information about the lawsuit:**
Amount claimed: $ 50,000.01 _____

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

**2. Contact Information for the Plaintiff/Petitioner:**
Name *(First, Middle, Last)*: _____ c/o The Fish Law Firm, P.C.
Street Address, Apt #: 200 E. 5th Ave., Suite 123 _____
City, State, ZIP: Naperville, IL 60563 _____
Telephone: (630) 355-7590 _____
☐ See attached for additional Plaintiff/Petitioner contact information

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

**3. Contact information for the Defendant/Respondent:**
Name *(First, Middle, Last)*: SPRING CREEK NURSING & REHAB CENTER, LLC., c/o David Aronin
Street Address, Apt #: 2201 Main Street _____
City, State, ZIP: Evanston, IL 60202 _____
Telephone: N/A _____
☐ See attached for additional Defendant/Respondent contact information

In **3**, enter the name of the person you are suing and their address.
If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.

You should read all of the documents attached.

---

SU-S 1503.1

(09/18)

20L680

Case: 1:20-cv-06013 Document #: 1 Filed: 10/08/20 Page 23 of 54 PageID #:23
Enter the Case Number given by the Circuit Clerk:

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

> In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.

☐ Go to court:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____ Court Room: _____
   City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:
   On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address:    57 N. Ottawa RM A236
   City, State, ZIP:    Joliet, Illinois, 60432

> **STOP!**
> The Circuit Clerk will fill in this section.

**Witness this Date:** 09/02/2020

**Clerk of the Court:** *Andrea Lynn Chasteen*

> **STOP!**
> The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

> **Plaintiff/Petitioner:** To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

> **Attention:** E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Will _____ COUNTY

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the name of the person you are suing as Defendant/Respondent.

Enter the Case Number given by the Circuit Clerk.

OSCAR ENRIQUEZ GALVEZ, individually and
on behalf of all others similarly situated
_____

**Plaintiff / Petitioner** *(First, middle, last name)*

v.

SPRING CREEK NURSING & REHAB CENTER, LLC.,
_____

**Defendant / Respondent** *(First, middle, last name)*

20L680

**Case Number**

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
       *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐  Female: ☐  Approx. Age: _____ Hair Color: _____

Height: _____ Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
       *First, Middle, Last*

Male: ☐  Female: ☐  Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20____ .

☐ On the Corporation's agent, _____
       *First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

**By:**

| DO NOT complete this section. The sheriff, or private process server will complete it. |
| --- |

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered       $ _____

Service and Return            $ _____

Miles: _____       $ _____

Total    $ _____

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will _____ COUNTY | | |

| Instructions ▼ | OSCAR ENRIQUEZ GALVEZ, individually and on behalf of all others similarly situated | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| Enter the Case Number given by the Circuit Clerk. | SPRING CREEK NURSING & REHAB CENTER, LLC., | 20L680 |
| | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**1.  Information about the lawsuit:**

In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent.

Amount claimed:  $ 50,000.01

**2.  Contact information for the Plaintiff/Petitioner:**

In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

Name *(First, Middle, Last)*: _____ c/o The Fish Law Firm, P.C.

Street Address, Apt #:  200 E. 5th Ave., Suite 123

City, State, ZIP:  Naperville, IL 60563

Telephone:  (630) 355-7590

☐ See attached for additional Plaintiff/Petitioner contact information

**3.  Contact information for the Defendant/Respondent:**

In **3**, enter the name of the person you are suing and their address.
If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

Name *(First, Middle, Last)*:  SPRING CREEK NURSING & REHAB CENTER, LLC., c/o David Aronin

Street Address, Apt #:  2201 Main Street

City, State, ZIP:  Evanston, IL 60202

Telephone:  N/A

☐ See attached for additional Defendant/Respondent contact information

---

**Important Information for the person receiving this form:**

You have been sued.

Follow the instructions on the next page on how to appear/answer.

- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here:
  http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*

You should read all of the documents attached.

20L680

Case: 1:20-cv-06013 Document #: 1 Filed: 10/08/20 Page 27 of 54 PageID #:27
Enter the Case Number given by the Circuit Clerk.

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. |
| --- |

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address:  57 N. Ottawa RM A236

City, State, ZIP:   Joliet, Illinois, 60432

| STOP! The Circuit Clerk will fill in this section. |
| --- |

**Witness this Date:**  09/02/2020

**Clerk of the Court:**  *Andrea Lynn Chasteen*

| STOP! The officer or process server will fill in the Date of Service. |
| --- |

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
| --- | --- |

| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |
| --- | --- |

Case: 20-cv-06818 Document #: 1 Filed: 10/08/20 Page 28 of 54 PageID #: 28

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Will _____ COUNTY

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | OSCAR ENRIQUEZ GALVEZ, individually and on behalf of all others similarly situated | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. SPRING CREEK NURSING & REHAB CENTER, LLC., | 20L680 |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

**DO NOT** complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
*First, Middle, Last*
that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐ Female: ☐ Approx. Age: _____ Hair Color: _____
Height: _____ Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐ Female: ☐ Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

**By:**

| DO NOT complete this section. The sheriff, or private process server will complete it. |
| --- |

_____
*Signature*

_____
*Print Name*

**FEES**

| | |
| --- | --- |
| By certified/registered | $ _____ |
| Service and Return | $ _____ |
| Miles: _____ | $ _____ |
| Total $ _____ | |

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

OSCAR ENRIQUEZ GALVEZ, individually and on
behalf of all others similarly situated

Plaintiff(s) | Case No. 20L680

vs.

SPRING CREEK NURSING &
REHAB CENTER, LLC.,

Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

SPRING CREEK NURSING & REHAB CENTER, LLC.,

To: c/o David Aronin          Address: 2201 Main Street
        (Name)

City: Evanston          State: IL    Zip: 60202

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed

form to the sender within _____30_____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30_____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served)

must answer the complaint within _____60_____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and

complaint will have been mailed on 09/08/2020 .

Notice and Acknowledgment of
Receipt of Summons and Complaint

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Email: _____

Relationship to Entity/Authority to Receive Service of Process: _____
(Not applicable if your are the named Defendant or Respondent.)

Dated: _____

_____
Signature

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

Andrea Lynn Chasteer
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L680
Filed Date: 9/8/2020 9:20 AM
Envelope: 10360841
Clerk: AHD

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | |
|---|---|
| OSCAR ENRIQUEZ GALVEZ individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | |
| v. | Case No.: 20 L 680 |
| SPRING CREEK NURSING & REHAB CENTER, LLC., | |
| *Defendant.* | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES

Plaintiff Oscar Enriquez Galvez ("Oscar" or "Plaintiff") alleges that Defendant Spring Creek Nursing & Rehab Center, LLC., ("Spring Creek" or "Defendant") systematically violated the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* This case is well-suited for class certification under 735 ILCS 5/2-801. Specifically, Plaintiff seeks to certify a class consisting of hundreds of former and current similarly-situated employees who worked for Defendant that had their fingerprints unlawfully collected, captured, received, otherwise obtained, or disclosed by Defendant during the applicable statutory period in violation of BIPA. The question of liability is a legal question that can be answered in one fell swoop. As Plaintiff's claims, and the claims of similarly-situated individuals, all arise from Defendant's uniform policies and practices, they satisfy the requirement of 735 ILCS 5/2-801 and should be certified.

## I.   RELEVANT BACKGROUND

Major national corporations started using locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS 14/5.

The Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless it first:

(1)   Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2)   Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3)   Receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b).

Although there may be benefits with using biometrics in the workplace, there are also serious risks. Unlike ID badges– which can be changed or replaced if stolen or compromised – fingerprints are a unique, permanent biometric identifier associated with each individual. These biometrics are biologically unique to the individual; once compromised, the individual has *no* means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. This exposes individuals to serious and irreversible privacy risks. For example,

2

if a biometric database is hacked, breached, or otherwise exposed – as in the recent Equifax, Home Depot, Google+ and Facebook/Cambridge Analytica data breaches– individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup. Recognizing the need to protect its citizens from harms like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

## A. Factual Allegations

Plaintiff filed this class action against Defendant to redress Defendant's unlawful collection, use, storage, and disclosure of Illinois employees' biometric information under BIPA. In this Class Action Complaint, Plaintiff provided detailed allegations that Illinois employees who use Defendant's technology as a condition of employment were, and continue to be, universally required to scan their fingerprints for enrollment in an employee database(s) as a requirement of their employment, but are not: (1) informed in writing of the purpose(s) and length of time for which fingerprint data is being collected, stored, used, and disseminated by Defendant; (2) provided a publicly available retention schedule or guidelines for permanent destruction of the biometric data by Defendant; and (3) provided (nor did it execute) a written release for Defendant, as required by BIPA. *See* Compl. ¶¶ 20-24, 27-33.41-52.

Plaintiff was required to use Defendant's biometric device during his work for Defendant. *Id.* ¶¶ 2,21. As a condition of employment, Plaintiff was required to scan his fingerprints each time he clocked in or out of work. *Id.* Plaintiff was required to scan his fingerprints each time they accessed Defendant's biometric device. *Id.* However, Defendant failed and continue to fail to inform Illinois employees, including Plaintiff, of the extent of the purposes for which it collects individuals' sensitive biometric data or to whom the data is disclosed. *Id.* ¶¶5, 23-24. Defendant

similarly failed to provide Illinois employees, including Plaintiff, with a written, publicly available policy identifying its retention schedule and guidelines for permanently destroying individuals' fingerprint data when the initial purpose for collecting or obtaining their fingerprint is no longer relevant, as required by BIPA. *Id.* ¶¶23-24, 42-43. Illinois employees, including Plaintiff, have no knowledge when they leave the company of when – if ever – their biometric identifiers will be removed from Defendant's database(s). *Id.*

Illinois workers are not told what might happen to their biometric data if and when Defendant merges with another company or, worse, if and when Defendant's entire businesses fold. Since Defendant neither publishes a BIPA-mandated data retention policy nor disclose the purposes for its collection of biometric data, Illinois employees, including Plaintiff, have no idea whether Defendant sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Illinois employees told to whom Defendant currently discloses their biometric data or what might happen to their biometric data in the event of a merger or a bankruptcy. Finally, Defendant never secured a written release executed by any of Illinois' employees, including Plaintiff, permitting it to collect, store, use, and disseminate employees' biometric data, as required by BIPA. *Id.* ¶¶ 5, 32, 41-43.

Accordingly, Defendant's practices violated BIPA. As a result of Defendant's violations, Plaintiff and similarly-situated individuals were subject to Defendant's common and uniform policies and practices and were victims of its scheme to unlawfully collect, store, use, and disseminate Illinois employees' biometric data in direct violation of BIPA. Plaintiff now seeks class certification for the following similarly-situated individuals, defined as:

> All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while residing in Illinois.

4

Given Defendant's standard practices defined above and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendant has responded. For the reasons discussed herein, Plaintiff's request should be granted.

## II.     STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App. (1st) 131465, ¶ 9 (Ill. App. Ct. May 8, 2015) (citing *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (2007)). Under Section 2801 of the Code of Civil Procedure, a class may be certified if the following four requirements are met:

(1) the class is so numerous that a joinder of all members is impracticable;

(2) there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3) the representative parties will fairly and adequately protect the interest of the class; and

(4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447 (2006) (citing 735 ILCS 5/2-801). Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the requirements for class certification." *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 9 (citing *Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate that the four certification factors are met.

### III.    ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendant treated all Illinois employees identically for the purposes of applying BIPA. All of the putative class members in this case were uniformly subjected to the same illegal and unlawful collection, storage, use, and dissemination of their biometric data that was required as a condition of employment throughout the class period. Plaintiff meets each of the statutory requirements for maintenance of this suit as a class action. Thus, the class action device is ideally suited and is far superior to burdening the Court with many individual lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.    The Class Is So Numerous That Joinder of All Members Is Impracticable.

Numerosity is not dependent on a plaintiff setting forth a precise number of class members or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008) ("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement as Defendant employs hundreds of Illinois workers who were subjected to the same policy. The class of potential plaintiffs is sufficiently large to make joinder impracticable. As a

result of Defendant's violations of BIPA, Plaintiff and all similarly situated individuals were subjected to Defendant's common and uniform policies and practices and were victims of Defendant's scheme to unlawfully collect, store, use, and disseminate their extremely personal and private biometric data in direct violation of BIPA. The precise number in the class cannot be determined until discovery records are obtained from Defendant. Nevertheless, class membership can be easily determined by reviewing Defendant's records and those of its customers. *See e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing Circuit Court's denial of class certification and holding that class was certifiable over Defendant's objection that "the proposed class was not ascertainable, because the process of reviewing Defendant's transaction files to determine class membership would be burdensome"). Once Defendant's records are obtained, the Court will know the precise number of persons affected.

Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly-situated individuals have a means of redress against Defendant for its widespread violations of BIPA.

**B.      Common Questions Of Law And Fact Exist That Predominate Over Any Questions Solely Affecting Individual Members Of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Id.* at 773. As stated by the Court of Appeals, the question is

will "common . . . issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes." Common questions of law or fact are typically found to exist when "the claims of the individual class members are based upon the common application of a statute or where the proposed class members are aggrieved by the same or similar conduct or a pattern of conduct." *Bueker v. Madison Cty.*, 2016 IL App (5th) 150282, ¶ 27; *McCarthy v. LaSalle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

At the heart of this litigation is Defendant's culpable conduct under BIPA. The issues are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded the statutorily-protected privacy rights of Plaintiff and other similarly-situated individuals and unlawfully collected, stored, used, and disseminated their biometric data in direct violation of BIPA. Specifically, Defendant have violated and continues to violate BIPA because it failed and continues to fail to: (1) inform Plaintiff or the putative class in writing of the specific purpose(s) and length of time for which their fingerprints were being collected, stored, used, and disseminated as required by BIPA; (2) provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the putative class' fingerprints, as required by BIPA; and (3) receive a written release from Plaintiff or the putative class to collect, capture, use, otherwise obtain or disseminate their fingerprints, as required by BIPA. Defendant treated the entire proposed class in precisely the same manner, resulting in identical violations of BIPA. These common practices create common issues of law and fact. In fact, the legality of Defendant's collection, storage, use, and dissemination of Illinois employees' biometric data is the focus of this litigation.

Indeed, once this Court determines whether Defendant's practices of collecting, storing, and using individuals' biometric data without adhering to the specific requirements of BIPA constitutes violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and issues of law are substantially the same for the members of the class, and therefore these common issues could be tried such that proof as to one claimant would be proof as to all members of the class. This alone establishes predominance. The only remaining questions will be whether Defendant's violations caused members of the class to suffer damages and the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

**C.      The Named Plaintiff And Class Counsel Are Adequate Representatives Of The Class.**

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether he or she will fairly represent them. *See CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶ 16. In this case, Plaintiff's interest arises from statute. The class representative is a member of the proposed class and will fairly and adequately protect the class' interests. Plaintiff, as a condition of employment, was required to have his fingerprints scanned by one of Defendant's biometric devices. Defendant subsequently stored Plaintiff's fingerprints in its database(s). Plaintiff has never been informed of the specific limited purposes (if any) or length of time for which Defendant collected, stored, used, or disseminated his biometric data. Compl. ¶¶5,30,48. Plaintiff has never been informed of any biometric data retention policy developed by Defendant, nor has he ever been informed whether Defendant will ever permanently delete his fingerprints. Finally, Plaintiff has never been provided, nor did he ever sign, a written release

allowing Defendant to collect, store, use, or disseminate his fingerprints. Thus, Plaintiff was a victim of the same uniform policies and practices as the individuals he seeks to represent and is not seeking any relief that is potentially antagonistic to other members of the class. What is more, Plaintiff has the interests of those class members in mind, as demonstrated by his willingness to sue on a class-wide basis and step forward as the class representatives, which subjects them to discovery.

Proposed Class Counsel, The Fish Law Firm PC will also fairly and adequately represent the class. Proposed Class Counsel are highly qualified and experienced attorneys. The Fish Law Firm, P.C. has extensive experience in class action litigation and its attorneys have been appointed class counsel on numerous occasions; they also are involved in more than a dozen cases involving biometric privacy violations. (See Exhibit A.) Thus, proposed Class Counsel, too, are adequate and have the ability and resources to manage this lawsuit.

**D.    A Class Action Is The Appropriate Method For Fair And Efficient Adjudication Of This Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a Defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claim stems from Defendant's common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class certification will obviate the need for unduly duplicative litigation that might result in inconsistent

10

judgments concerning Defendant's practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens, if not hundreds, of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App. (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, the class action is the most appropriate mechanism to adjudicate the claims in this case.

### E. The Court Should Allow Supplemental And Deferred Briefing Following Discovery.

Defendant's practices and policies are uniform. Plaintiff believes that the present Motion should be supplemented based upon very limited initial discovery. Plaintiff is moving as early as possible for class certification in part to avoid the "buyoff problem," which occurs when a Defendant seeks to settle with a class representative on individual terms in an effort to moot the class claims asserted by the class representative. Plaintiff is also moving for class certification now because the class should be certified, and because no meaningful discovery is necessary to establish that fact. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts known at this extremely early stage of litigation. Should the Court wish for more detailed factual information, the briefing schedule should be extended.

### IV. Conclusion

For the reasons stated above, Plaintiff respectfully request that the Court enter an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff as Class Representative;

(3) appointing The Fish Law Firm, P.C. as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiff to supplement this briefing, and defer response and reply briefs.

Date: September 1, 2020                               Respectfully Submitted,

By: /s/ Mara Baltabols
One of Plaintiff's Attorneys


David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400
docketing@fishlawfirm.com

# Exhibit A

## DECLARATION OF DAVID J FISH

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true:

1. I am an attorney admitted to practice before the Supreme Court of the State of Illinois. I am entering this declaration in support of Plaintiffs' Motion for and Memorandum in Support of Class Certification. This declaration is based upon my personal knowledge except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I am the founder of The Fish Law Firm, P.C.

3. I graduated #2 in my law school class from Northern Illinois University College of Law in 1999. Prior to starting my own firm, I was employed by other law firms engaged in litigation in and around Chicago, Illinois including, Jenner & Block in Chicago as a summer associate, Klein, Thorpe & Jenkins in Chicago as an associate and The Collins Law Firm, P.C. as an associate.

4. I have extensive experience representing employees and employers in labor and employment disputes. I have handled disputes with the Illinois Department of Labor, the United States Department of Labor, the Illinois Department of Human Rights, the National Labor Relations Board, the Equal Employment Opportunity Commission, and in the state and federal courts in Illinois. I have litigated dozens of cases in the United States District Court for the Northern District of Illinois.

1

5.      I am the former chair of the DuPage County Bar Association's Labor and Employment Committee and served on the Illinois State Bar Association's Labor and Employment Committee Section Council.  I also am a member of the National Employment Lawyers Association.

6.      I have, on several occasions, lectured at educational seminars for lawyers and other professionals. I moderated a continuing legal education panel of federal magistrates and judges on the Federal Rules of Civil Procedure through the Illinois State Bar Association. I have presented on electronic discovery rules and testified before the United States Judicial Conference in Dallas, Texas regarding electronic discovery issues.  I have provided several CLE presentations on issues relating to labor and employment law.

7.      I have authored, or co-authored, many articles, including: "Enforcing Non-Compete Clauses in Illinois after Reliable Fire", Illinois Bar Journal (April 2012); "Top 10 wage violations in Illinois", ISBA Labor and Employment Newsletter (August, 2017); "Physician Non-Complete Agreements in Illinois:  Diagnosis—Critical Condition; Prognosis- Uncertain" DuPage County Bar Journal (October 2002); "Are your clients' arbitration clauses enforceable?" Illinois State Bar Association, ADR Newsletter (October 2012); "The Legal Rock and the Economic Hard Place: Remedies of Associate Attorneys Wrongfully Terminated for Refusing to Violate Ethical Rules", Univ. of W. Los Angeles Law Rev. (1999); "Zero-Tolerance Discipline in Illinois Public Schools" Illinois Bar Journal (May 2001); "Ten Questions to Ask Before Taking a Legal-Malpractice Case" Illinois Bar Journal (July 2002); "The Use Of The Illinois Rules of Professional Conduct to Establish The Standard of Care In Attorney Malpractice Litigation: An Illogical Practice", Southern Illinois Univ. Law Journal (1998); "An Analysis of

Firefighter Drug Testing under the Fourth Amendment", International Jour. Of Drug Testing (2000); "Local Government Web sites and the First Amendment", Government Law, (November 2001, Vol. 38).

8. Some examples of class, collective, and/or employment litigation in which I have served as a lawyer include:

a.    *Larson v. Lennox Industries*, 2013 WL 105902 (N.D. Ill, 12 c 2879)(conditional certification granted in FLSA action alleging that store managers were misclassified as exempt from receiving overtime pay).

b.    *Nelson v. UBS Global Management*, No. 03-C-6446, 04 C 7660 (N. D. Ill.)(ERISA class action on behalf of thousands of BP Amoco employees who had Enron debt purchased as part of their money market fund; recovery of approximately $7 million).

c.    *Sotelo v. DirectRevenue*, No. 05-2562 (N.D. Ill. filed Apr. 29, 2005)(class action alleging that company placed "spyware" on consumers' computers; resulted in a settlement that mandated significant disclosures to computer users before unwanted software could by placed on their computers, see also Julie Anderson, *Sotelo v. Directrevenue, LLC: Paving the Way for Spyware-Free Internet*, 22 Santa Clara High Tech. L.J. 841 (2005).

d.    *Franzen v. IDS Futures Corporation,* 06 CV 3012 (N. D. Ill. 2006)(recovery of millions of dollars for more than 1,000 limited partners in an investment fund that lost value as a result of the Refco bankruptcy).

e.    *Pope v. Harvard Bancshares*, 06 CV 988, 240 F.R.D 383 (N. D. Ill. 2006)(class action recovery of $1.3 million for former shareholders of community bank who had stock repurchased in a reorganization).

    f.     *Pietrzycki v. Heights Tower Serv., Inc.*, 197 F. Supp. 3d 1007 (N.D. Ill. 2016)(finding Fish appropriate to represent Class in wage and hour claims relating to overtime).

    g.     *Schrock v. Wenner Media LLC*, et al, 10-cv-7230 (defended marketing company in putative nationwide class action alleging violations of TCPA for unsolicited text message marketing; our client dismissed from case voluntarily without payment).

    h.     *G.M. Sign Inc. v. Pastic-Mach Corporation*, 12-cv-3149 and 10-cv-7854 (defended putative nationwide class action alleging violations of TCPA for unsolicited junk faxes, both cases dismissed without payment by client).

    i.     *Ismael Salam v Nationwide Alarm LLC*, 14-cv-1720 (defended putative nationwide class action alleging violations of TCPA for unsolicited calls to cellular telephone; our client dismissed with prejudice voluntarily without payment).

    j.     *Cope v. Millhurst Ale House of Yorkville, Inc.* 14-cv-9498 (collective action for FLSA claims settled on collective basis).

    k.     *Girolamo v. Community Physical Therapy & Associates, Ltd*, 15-cv-2361 (alleging claims under FLSA, IMWL, IWPCA).

    l.     *Jones et al v. Sistar Beauty Corporation*, 15-cv-3359 (collective action alleging FLSA and class action alleging Illinois Minimum Wage Law "IMWL" claims; final judgment entered).

    m.     *Magallan v. Pancho's Family Restaurant, LLC*, 15-cv-5578 (defending FLSA and IMWL claims).

    n.     *Mello et al v. Krieger Kiddie Corporation*, 15-cv-5660 (collective and putative class action alleging claims under FLSA, IMWL, IWPCA).

    o.     *Lampley v. Aryaani dba Subway*, 15-cv-9332 (collective action alleging claims under FLSA, IMWL, IWPCA).

p.     *Kalechstein v. Mehrdad Abbassian*, M.D., P.C., 15-cv-5929 (defending IWPCA claims).

q.     *Barker et al v. Septran, Inc*, 15-cv-9270 (IMWL and putative collective claims under the FLSA and IWPCA).

r.     *Simpkins v. DuPage Housing Authority,* 15-cv-9103 (includes claims under FLSA and IMWL).

s.     *Day v. Stockton Construction Group, LLC*, 15-cv-5884 (collective claims brought under FLSA, IMWL, and IWPCA).

t.     *Wehrle v. Midwest Sleep Associates, LLC*, 15-cv-4397 (collective action complaint alleging claims under FLSA and IMWL).

u.     *Sharples et al v. Krieger Kiddie Corporation*, 2013 CH 25358 (Cir. Court Cook County) (Illinois Wage Payment and Collection Act IWPCA class action claims; final approval of class wide settlement).

v.     *Wendell H. Stone Co. v. Metal Partners Rebar, 16-cv-8285* (defending TCPA class action).

w.     *Barker v. Septran,* 15-cv-9270 (Rule 23 IWPCA claim for vacation forfeiture and separate FLSA claims for overtime).

x.     *Andrews v. Rockford Process Control, Inc.*, 3:17-cv-50171 (class and collective claims brought under the FLSA and the IMWL).

y.     *Kusinski v. MacNeil Automotive Products Limited*, 17-cv-03618 (class and collective claims under the FLSA and the IMWL; final approval of class settlement entered);

z.     *Grace v. Brickstone,* 17-cv-7849 (class and collective claims under the FLSA, IMWL, and IWPCA; final approval of class settlement).

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed this 8th day of February, 2019 at Naperville, Illinois.


/s/ David J. Fish

David J. Fish

Andrea Lynn Chastee
Will County Circuit Cler
Twelfth Judicial Circuit Cou
Electronically File
20L68
Filed Date: 9/1/2020 1:17 PI
Envelope: 1030375
Clerk: MR

**IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

|  |  |
|---|---|
| OSCAR ENRIQUEZ GALVEZ, individually and on behalf of all others similarly situated, *Plaintiff,* v. SPRING CREEK NURSING & REHAB CENTER, LLC *Defendant,* | Case No.: 20 L 680 |

## NOTICE OF MOTION

To:  Spring Creek nursing & Rehab. Center, LLC. c/o David Aronin,
2201 Main Street, Evanston, IL 60202

PLEASE TAKE NOTICE that on November 2, 2020 at 9:00 am, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Anderson in Courtroom A236 of the Twelfth Judicial Circuit Court of Will County, 57 N. Ottawa, Joliet, Illinois to present the **Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues**, a copy of which is attached hereto and hereby served upon you.

Dated: September 1, 2020

Respectfully submitted,

**Oscar Enriquez Galvez, individually and on behalf of all others similarly situated.**

By:  /s/   Mara Baltabos
One of its Attorneys

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on September 1, 2020 before 5:00 p.m., she caused the foregoing to be served on the above party by U.S. Mail.

By:  /s/Mara Baltabos
One of Plaintiff's Attorneys

THE FISH LAW FIRM, P.C.
200 E 5th Ave., Suite 123
Naperville, IL 60563
(630) 355-7590
admin@fishlawfirm.com
Atty No. 6269745

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L680
Filed Date: 10/8/2020 10:15 AM
Envelope: 10714513
Clerk: CV

**Notice and Acknowledgment of
Receipt of Summons and Complaint**

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

OSCAR ENRIQUEZ GALVEZ, individually and on
behalf of all others similarly situated

Plaintiff(s)    |    Case No.    20L680

vs

SPRING CREEK NURSING &
REHAB CENTER, LLC.,

Defendant(s)

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

SPRING CREEK NURSING & REHAB CENTER, LLC.,

To: c/o David Aronin _____ Address: 2201 Main Street _____
          (Name)

City: Evanston _____ State: IL  Zip: 60202

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on __09/08/2020__ .

Notice and Acknowledgment of
Receipt of Summons and Complaint

E-filing is now mandatory for documents in civil cases with limited exemptions. To
e-file, you must first create an account with an e-filing service provider. Visit http://efile.
illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If
you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/
gethelp.asp.

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in
the above captioned matter at:

(Please print or type)
Name: Bonnie Keane DelGobbo
Address: 1 N. Wacker Dr, Suite 4500
City: Chicago          State: IL   Zip: 60606
Email: bdelgobbo@bakerlaw.com
Relationship to Entity/Authority to Receive Service of Process: Counsel for Defendant
(Not applicable if your are the named Defendant or Respondent.)

Dated: 10-7-2020

Bonnie Del Gobbo
Signature

\*   (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date
    on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*  (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the
    date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
20L680
Filed Date: 10/8/2020 10:12 AM
Envelope: 10714419
Clerk: RR

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

Oscar Enriquez Galvez,

**Plaintiff /Petitioner**

**vs**

Spring Creek Nursing & Rehab Center LLC

**Defendant/Respondent**

**CASE NO:** 20 L 680

# APPEARANCE BY ATTORNEY

I, Bonnie Keane DelGobbo, an attorney, enter my appearance in this case on behalf of:

First                          Middle                          Last

Spring Creek Nursing & Rehab Center LLC

Name

❑ Plaintiff/Petitioner

☑ Defendant/Respondent

❑ Other _____

as:

❑ Additional Counsel          ☑ Regular Counsel

❑ Court Appointed Counsel     ❑ Substitute Counsel

❑ Guardian Ad Litem           ❑ _____

By using this form, I agree to receive court documents at this email address.

bdelgobbo@bakerlaw.com

Email

/s/ Bonnie Keane DelGobbo

Attorney Signature

Bonnie Keane DelGobbo

Attorney Name

Baker & Hostetler, LLP

Law Firm

6309394

ARDC #

One North Wacker Drive, Suite 4500

Street Address

Chicago, Illinois 60606

City, State, Zip

(312) 416-8185

Telephone #

(312) 416-6201

Fax #

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

| Original– Court | Copy – Plaintiff | Copy – Defendant | **17 B** Revised (04/18) |